[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17144
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00005-CR-5-1-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIECE QUONTREL DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 1, 2010)

Before BIRCH, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In this direct appeal, Karriece Quontrel Davis ("Davis") challenges the

sufficiency of the evidence to support his conviction for possession of counterfeit currency with the intent to defraud, in violation of 18 U.S.C. § 472. He also appeals his total sentence of 150 months of imprisonment imposed for that conviction and for his convictions for three drug offenses. Upon thorough review of the record and the parties' arguments, we AFFIRM his conviction and sentence.

## I. BACKGROUND

In May 2008, a jury found Davis guilty of count one of a seven-count indictment: knowingly possessing counterfeit money with intent to defraud between 1 January 2005 and 18 August 2005, in violation of 18 U.S.C. § 472. Count one had been previously severed from the remaining six counts of his indictment. the jury's verdict, the government filed an information and notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851, should Davis be convicted of a drug offense charged in the indictment. The notice included the following offenses as the basis for enhancement: (1) a 3 May 1999 conviction for "Possession o[f] Controlled Substance (cocaine) in the Circuit Court for Houston County, Alabama, in Case no. CC-97-83;" and (2) a 27 June 2002 conviction for "Possession of Controlled Substance (cocaine) in the Circuit Court for Houston County, Alabama, in case no. CC-01-128." R1-43 at 2.

Davis subsequently pled guilty to the drug offenses listed in counts five, six,

2

and seven of the superseding indictment.[1] A detailed factual basis was submitted with the written plea agreement which noted that the factual proffer was not exclusive and did not limit the information which could be relied upon at sentencing.

At the sentencing hearing, Davis objected to the pre-sentence investigation report's ("PSI") calculation of the amount of drugs that he was accountable for. Specifically, Davis objected to the PSI's inclusion of 1500 grams of cocaine that David Hamilton ("Hamilton") purportedly sold to Davis during the course of six prior drug dealings before Hamilton's arrest in December 2005. After Hamilton testified about his drug dealings with Davis, the court denied Davis' objection.

The court then discussed the government's notice of enhancement. The court informed Davis that the government was seeking an enhanced sentence based on his two prior felony drug convictions. The court further advised Davis that any challenge to the accuracy of the two prior convictions needed to be made at that time. Davis admitted that he had been convicted of possession of a controlled substance on 3 May 1999 in case number CC-97-83, but he clarified that it had

---

[1] Count five charged Davis with knowingly possessing crack cocaine with intent to distribute on or about 7 June 2007, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); count six charged Davis with knowingly possessing cocaine with intent to distribute on or about 14 December 2007, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and count seven charged Davis with knowingly possessing at least five grams of crack cocaine with intent to distribute on or about 27 February 2008, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). As part of the written plea agreement, counts two, three, and four of the indictment were dismissed.

involved crack cocaine rather than cocaine. He also admitted, without qualification, his conviction on 27 June 2002 for possession of cocaine.

After hearing arguments by both parties as to the appropriate length of the sentence, the court determined that Davis was subject to an advisory guideline range of 120 to 150 months of imprisonment based on his adjusted offense level of 26 and Category VI criminal history. The court sentenced Davis to concurrent terms of 150 months of imprisonment on counts one, five, six, and seven, to be followed by eight years of supervised release.

On appeal, Davis challenges his sentence on three grounds. He first contends that the district court lacked jurisdiction to impose an enhanced sentence because the government's notice of enhancement failed to comply with 21 U.S.C. § 851. He next asserts that the district court incorrectly calculated his sentencing guidelines when it included his pre-December 2005 drug sales as relevant conduct. Third, Davis attacks the substantive reasonableness of his sentence.

In addition to his sentence, Davis challenges his conviction for possession of counterfeit currency with the intent to defraud, asserting that there was insufficient evidence to support his conviction.

## II. DISCUSSION

A. Adequacy of the 21 U.S.C. § 851 Notice

Davis first submits that the district court lacked jurisdiction to enhance his sentence under 21 U.S.C. § 851 because the government's enhancement notice was deficient. Davis highlights the notice's incorrect case number for the May 1999 conviction. The notice stated the case number was CC-97-83, whereas the correct case number was CC-97-834. Additionally, Davis asserts that the information erroneously described his May 1999 and June 2002 convictions as "Possession of Controlled Substance (cocaine)," in contrast to the PSI's statement that those convictions involved crack cocaine.

We review de novo the adequacy of a § 851 notice. United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007) (per curiam). Section 851(a)(1) provides as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1) (1999). The purpose of § 851 is to inform the defendant that the government is seeking a sentencing enhancement, so that the defendant can challenge the convictions if inaccurate, as well as adjust his trial or pleading strategy with full knowledge of the consequences. See Ramirez, 501 F.3d at 1239.

5

"[T]he notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose an enhanced sentence."[2] Id.

While we generally require strict compliance with § 851(a)(1)'s filing and service requirements, we have permitted minor errors in the information's contents if the information "unambiguously signaled the government's intent to rely upon a specific prior [drug] conviction" to enhance the defendant's sentence. Perez v. United States, 249 F.3d 1261, 1264-66 (11th Cir. 2001). For example, in Perez, the original information listed the wrong date of conviction for a prior drug offense (1992 instead of 1991), but it otherwise properly identified the conviction the government was relying upon. See id. at 1263. Because the defendant did not allege any confusion as to which conviction the government was referencing, we concluded that the information complied with due process and satisfied the notice requirements of § 851(a)(1). See id. at 1267. Similarly, in United States v. Corriette, 171 Fed. Appx. 319, 325-26 (11th Cir. 2006) (per curiam) (unpublished)[3], we determined that the government's notice sufficiently identified

---

[2] Even though Davis did not challenge the adequacy of the § 851 notice in the district court, the jurisdictional nature of the § 851 notice requirement allows Davis to raise the issue at any time. See United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998) (per curiam) (noting that "a party may raise jurisdiction at any time during the pendency of the proceedings"). Accordingly, our review is not limited to plain error as suggested by the government.

[3] We recognize that an unpublished opinion is not binding, but cite it as persuasive authority. See 11th Cir. R. 36-2.

a prior conviction despite an incorrect case number. As in <u>Perez</u>, the defendant did not allege any confusion as to what conviction was being used, nor did he dispute that he was convicted of the prior offense at issue. <u>Id.</u> at 326.

Likewise, the government's information here satisfied the purpose of the § 851 notice by unambiguously advising Davis of the government's intent to enhance his sentence, thereby affording him the opportunity to challenge the accuracy of his prior convictions and make an informed decision about whether to plead guilty. With respect to the May 1999 conviction, the minor omission of the last digit of the case number did not invalidate the notice. <u>See</u> <u>Perez</u>, 249 F.3d at 1267. Davis expressed no confusion at the sentencing hearing about the conviction and, in fact, admitted his conviction after clarifying that the controlled substance he possessed was crack cocaine. His clarification indicates that he knew what conviction the government was utilizing despite the information's incomplete case number and reference to cocaine.

As for the June 2002 conviction, Davis admitted that conviction as well, without any corrections. Davis now points out that the PSI identified the drug involved as crack cocaine, whereas the information listed his offense as "Possession of Controlled Substance (cocaine)." However, the PSI stated that Davis was charged with and convicted of possession of cocaine. Furthermore, the

government argues that no error occurred because Alabama law does not distinguish between crack and powder cocaine for purposes of unlawful possession of a controlled substance. See Ala. Code 1975 § 13A-12-212(a)(1) (2005) ("A person commits the crime of unlawful possession of controlled substance if . . . he possesses a controlled substance enumerated in Schedules I through V.") and § 20-2-25(1)d (2006) (listing coca leaves and any derivative or preparation of coca leaves as controlled substances in Schedule II). Regardless of whether the information was erroneous on this point, Davis has never disputed this conviction nor alleged any confusion because of the putative error. Accordingly, we conclude that the information contained in the § 851 notice sufficiently and unambiguously informed Davis of his prior convictions that would support an enhanced sentence.[4] See Perez, 249 F.3d at 1266. The district court therefore had jurisdiction to impose an enhanced sentence. See id.

B. Relevant Conduct

Davis next contends that the district court erroneously included as relevant conduct, for purposes of calculating his advisory sentencing guidelines range, 1500 grams of cocaine powder that he purchased from David Hamilton on various

---

[4] Based on our conclusion that the government's information satisfied the notice requirements for § 851, we need not address Davis' alternative argument that an amended information was statutorily required to correct any clerical errors.

occasions before December 2005. On appeal, Davis does not dispute that he was involved in these drug deals or that they involved 1500 grams of cocaine powder. Rather, Davis argues that he should not be held accountable for those drugs because the drug deals were too remote in time and too dissimilar from the 2007 and 2008 drug offenses to which he pled guilty.

We review for clear error a district court's determination of the amount of drugs attributable to a defendant.[5] United States v. Ryan, 289 F.3d 1339, 1347 (11th Cir. 2002) (per curiam). In calculating a defendant's base offense level, a district court must consider not only the charged conduct, but also any uncharged "relevant conduct" as well. U.S. v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). The sentencing guidelines define "relevant conduct" in pertinent part as acts "that were part of the same course of conduct . . . as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (Nov. 2009).

> Offenses . . . qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the

---

[5] Although the government submits that our review should be limited to plain error, the record indicates that Davis sufficiently objected to the inclusion of the uncharged drug amounts as relevant conduct.

9

> offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required.

U.S.S.G. § 1B1.3, comment. (n.9(B)). In United States v. Maxwell, 34 F.3d 1006, 1011 (11th Cir. 1994), we concluded that a prior cocaine distribution scheme lacked sufficient similarities to a dilaudid distribution conviction because each involved different parties and drugs. The mere fact that each scheme involved the distribution of drugs was insufficient to "signal that they [were] part of a single course of conduct" as opposed to "isolated, unrelated events that happen only to be similar in kind." Id. (quotation marks and citation omitted).

Unlike Maxwell, this case reflects a single, ongoing drug distribution scheme in which Davis repeatedly purchased and sold the same types of drugs. Both his uncharged conduct and the offenses to which he pled guilty involved drug deals for powder and crack cocaine. The regularity of Davis' conduct is evident in Hamilton's testimony that Davis purchased cocaine and crack cocaine from him on six to seven occasions. Furthermore, Hamilton testified that Davis was already involved in the drug business when Hamilton met him. This is consistent with Davis' own statement to authorities after his 2007 arrest that "he had been in and out of the drug business all his life." R1-113 at 2. As Davis acknowledges, any lapse in his drug dealings after December 2005 and before his June 2007 arrest is mainly attributable to the fact that he was in prison. His admission in June 2007

10

that he dealt with "numerous drug traffickers in several locations" indicates that he remained well-entrenched in the drug business nonetheless.  Id.  Accordingly, Davis has not shown that the district court clearly erred in finding that his earlier uncharged drug sales constituted relevant conduct for sentencing purposes.

C.  Substantive Reasonableness of His Sentence

Davis further argues that his total sentence is substantively unreasonable because the district court unfairly weighed the 18 U.S.C. § 3553(a) factors. According to Davis, the court focused on punishing him for his criminal history, while ignoring the nature of the charges and his personal history of mental problems and drug addiction.

We review the substantive reasonableness of a sentence for an abuse of discretion.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  Under this deferential standard, we will not remand for resentencing unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1191 (quotation marks and citation omitted).  The § 3553(a) factors include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public

11

from future crimes by the defendant. 18 U.S.C. § 3553(a)(2) (2009). The court is not required to discuss each § 3553(a) factor individually, so long as it acknowledges that it considered the defendant's arguments and the pertinent sentencing factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam).

Moreover, although a district court's unjustified reliance on any single § 3553(a) factor may indicate an unreasonable sentence, a district court does not necessarily commit reversible error merely because it assigns great weight to that factor. See Pugh, 515 F.3d at 1191-92. Rather, the district court's decision must be examined in light of all the circumstances. Id. at 1192. The party challenging the sentence bears the burden of demonstrating that it is unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Because the court sentenced Davis within the guidelines range, we may apply a presumption of reasonableness. See Pugh, 515 F.3d at 1190. Davis has not carried his burden of overcoming that presumption. The court stated that it had considered all of the § 3553(a) factors in fashioning its sentence and determined that "a lower sentence would not be sufficient, and a greater sentence is not necessary to comply with the statutorily defined purposes of sentencing." R4-147 at 60. The court further explained that a sentence at the top of the guidelines range

12

was appropriate based on Davis' 26 criminal convictions, resulting in three times as many criminal history points as necessary to fall within a Category VI criminal history range, the highest category. Contrary to Davis' contention, the court's statement does not reflect an unreasonable concern with punishing him for his high criminal history. Consideration of Davis' history was mandated by § 3553(a) and necessary to impose a sentence which adequately deterred further crimes by Davis and protected the public. See 18 U.S.C. § 3553(a)(1), (2). Davis has not shown that the court abused its broad discretion in weighing these various factors.

Furthermore, the record does not support Davis' argument that the district court ignored the nature of the charges or his personal history of alleged mental problems and drug addiction. The factual basis for the charges as well as Davis' personal characteristics were addressed in the PSI, the findings of which were adopted by the court. The court also received letters from Davis' friends and family and heard testimony from Davis' wife and mother at the sentencing hearing. Neither of these witnesses attributed Davis's crimes to mental problems or a drug addiction; they claimed that he merely "got on the wrong track" and "made some mistakes." R4-147 at 56. In any event, the court was not required to discuss each § 3553(a) factor individually. See Talley, 431 F.3d at 786.

Considering all the circumstances, we find no clear error of judgment in the

13

district court's weighing of the § 3553(a) factors.  We therefore conclude that Davis' total sentence is substantively reasonable.

D.  Sufficiency of the Evidence

In his final enumeration of error, Davis argues that there was insufficient evidence to support his counterfeiting conviction.  He maintains there was no evidence he passed or possessed counterfeit notes.  According to Davis, the evidence merely showed that he was present at some point in Chipley, Florida, the location of the Goodwill store parking lot at which counterfeit notes were found.

We review challenges to the sufficiency of the evidence de novo.  United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005) (per curiam).  Because Davis failed to renew his motion for a judgment of acquittal after presenting evidence on his own behalf, we review the sufficiency of the evidence only for a miscarriage of justice.  See United States v. Tapia, 761 F.2d 1488, 1491 (11th Cir. 1985) (per curiam).  This requires us to find that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  Id. at 1492 (quotation marks and citation omitted).  In evaluating the evidence, we must draw all reasonable inferences and credibility choices in favor of the verdict.  See Byrd, 403 F.3d at 1288.

Davis was convicted of violating 18 U.S.C. § 472, which prohibits a person

from passing or possessing counterfeit currency with the intent to defraud. See 18 U.S.C. § 472 (2009); United States v. Guida, 792 F.2d 1087, 1095 (11th Cir. 1986) (per curiam). To prove intent to defraud, the government must show that a defendant knew the currency was counterfeit. See Guida, 792 F.2d at 1095. "This 'guilty knowledge' may be inferred from circumstantial evidence." Id.

Here, the evidence of Davis' "guilty knowledge" was not so tenuous that a conviction would be shocking. Viewed in the light most favorable to the government, the evidence presented at trial established the following: (1) Davis' fingerprints were on discarded copy paper and a scissors package found beside counterfeit money in a Goodwill parking lot in August 2005; (2) Davis gave Samantha Hardrick ("Hardrick") $50 to $100 of counterfeit money multiple times to pass at stores,; (3) Hardrick twice helped Davis print counterfeit money and cut out the bills; (4) Davis hid the printing machine at another house to avoid getting caught; (5) Davis enlisted Tyrone Whitaker ("Whitaker") to make a purchase using counterfeit money; (6) Davis gave Whitaker $10,000 worth of counterfeit money and told him not to spend it in stores; (7) Whitaker saw Davis possess counterfeit money on a number of occasions; and (8) Davis and Whitaker gave a Winn-Dixie cashier counterfeit money in exchange for real money from the store, with the cashier keeping a portion of the money traded in. There was thus ample evidence

15

that Davis knowingly possessed counterfeit currency with the intent to defraud. No miscarriage of justice has been shown.

## III.  CONCLUSION

For the foregoing reasons, we conclude that the government's sentencing enhancement notice complied with 21 U.S.C. § 851, thereby conferring jurisdiction on the district court to enhance Davis' sentence based on his prior drug convictions.  We further decide that the district court accurately included as relevant conduct Davis' uncharged drug sales in calculating his sentencing guidelines, and the court imposed a reasonable sentence after considering all the factors in 18 U.S.C. § 3553(a).  Finally, we conclude that the evidence was sufficient to support Davis' counterfeiting conviction.  We therefore AFFIRM Davis' conviction and total sentence.

**AFFIRMED.**