[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14498
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00005-RS-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KARRIECE QUONTRELL DAVIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 10, 2014)

Before WILSON, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Karriece Davis appeals from the district court's denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2).  Davis argues the district court erred at sentencing when it adopted facts from the Pre-Sentence Report (PSR) and found him responsible for 1500 grams of powder cocaine.  He contends that he should only have been held responsible for 9.9 grams of cocaine and that, because of Amendment 750 to the Sentencing Guidelines, he is entitled to a modified sentence.  After review of the record and the parties' briefs, we affirm.

We review a district court's decision to deny a sentence reduction for abuse of discretion.  *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008) (per curiam).  Where an amendment to the Guidelines has no impact on a defendant's Guidelines range, the court may not grant a motion to reduce a sentence.  *See United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir. 2008).

Rather than alleging that the district court erred when considering his § 3582(c)(2) motion, Davis attacks the factual findings made by the district court at his sentencing hearing.  But because Davis failed to challenge those findings on direct review, *United States v. Davis*, 370 F. App'x 974, 979 (11th Cir. 2010) (per curiam) ("Davis does not dispute that . . . these drug deals . . . involved 1500 grams of cocaine powder."), they are considered law-of-the-case and thus, binding in subsequent stages of litigation.  *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("[A] legal decision made at one stage of the

2

litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (internal quotation marks omitted)).   In light of the fact that Davis was held accountable for 1500 grams of cocaine, Amendment 750 does not have any impact on his guidelines range.  Accordingly, the court correctly denied his motion.

**AFFIRMED.**