[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/30/99
THOMAS K. KAHN
CLERK

_____

No. 98-9020
Non-Argument Calendar

_____

D.C. Docket No. 1:97-CR-497-1-TWT


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


FRANK DUFFY,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(June 30, 1999)**


Before BLACK, CARNES and HULL, Circuit Judges.

HULL, Circuit Judge:

Defendant-Appellant Frank Duffy challenges the district court's application of a mandatory minimum life sentence based on his two previous drug convictions.[1] He contends the Government's filing of notice regarding the increased sentence was untimely. We hold the Government's filing was timely and thus affirm.

For certain drug offenders with two prior felony drug offenses, 21 U.S.C. § 841(b)(1)(A) prescribes a mandatory minimum life sentence. To trigger application of that mandatory minimum, the Government must file "before trial, or before entry of a plea of guilty . . . an information . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1).[2] Such filing

---

[1] Duffy also argues that (1) the district court erred in finding it lacked authority to depart downward under U.S.S.G. § 5K1.1 for substantial assistance to federal authorities; (2) the government acted in bad faith in not filing a motion for downward departure based on substantial assistance; and (3) the district court erred in holding that it lacked authority to depart downward under U.S.S.G. § 5K2.0 because of Duffy's substantial assistance to non-federal authorities. As to these issues, we find no reversible error and affirm without opinion. See 11th Cir. R. 36-1.

[2] The relevant subsection provides as follows:

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

serves "to allow the defendant to contest the accuracy of the information" and "to allow [the] defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).

In this case, the Government filed the statutorily required information during the plea hearing on March 16, 1998. Duffy argues the Government's March 16 filing was not "before entry of a plea of guilty," as required by § 851, because Duffy had already filed a "Notice of Entry of Plea of Guilty" on March 13.

We hold that the Government's filing the information during the plea hearing, prior to the district court's acceptance of Duffy's guilty plea, complied with § 851's requirement that the information be filed "before entry of a plea of guilty." On March 13, Duffy filed a unilateral, non-negotiated "Notice of Entry of Plea of Guilty." However, Duffy's "entry of a plea of guilty" occurred not on March 13 when he filed this unilateral notice but on March 16 at the plea hearing, after the Court's Rule 11 colloquy advising him of his rights. See Fed. R. Crim. P. 11(g) (referring to the plea hearing as "the proceedings at which the defendant

---

21 U.S.C. § 851(a)(1).

enters a plea"). The Government complied with the notice provision by filing its information before that entry.

Our definition of "entry of a plea of guilty" comports with the statute's purpose that the Government provide information in time to inform the defendant's ultimate plea decision. During a plea hearing, the defendant is advised of many factors that may impact his plea. See Fed. R. Crim. P. 11(c). Through the course of such hearing, the defendant enjoys a continuing unfettered right to plead not guilty. See Fed. R. Crim. P. 11(c)(3) (mandating that the court inform the defendant "that the defendant has the right to plead not guilty"). Cf. Fed. R. Crim. P. 32(e) (setting forth the limited circumstances in which a defendant may withdraw a guilty plea after the court accepts the plea). At Duffy's plea hearing, for instance, the court explained that the Government's § 851 information, if accepted, would result in a mandatory minimum life sentence. Duffy affirmed that he understood. The court also specifically informed Duffy of his right to plead not guilty and go to trial. It was only after a lengthy colloquy and full disclosure of the impact of the Government's § 851 information that the court accepted Duffy's guilty plea. Thus, the Government's filing the information during the plea hearing, while Duffy still could plead not guilty, assured that Duffy was sufficiently informed before he had to make the final decision about his plea.

Duffy urges us to treat his unilateral, non-negotiated "Notice of Entry of Plea of Guilty," filed March 13, as an "entry of a plea of guilty" for purposes of § 851. For Duffy's notice to be an "entry," the "entry" described in § 851 would have to be something capable of occurring outside the plea hearing. The best support for that understanding of "entry," (although not espoused by Duffy), derives from the second sentence of the controlling notice provision, which re-uses the phrase "entry of a plea of guilty" and treats "entry" as distinct from "the taking of the plea of guilty":

> Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts.

21 U.S.C. § 851(a)(1) (emphasis added). Congress's use of two different terms–"entry" and "taking" of a plea–raises the issue of whether the two terms carry two different meanings.

However, even assuming arguendo "entry" and "taking" are distinct actions, they are not necessarily distinct events. The defendant enters a plea, while the court takes a plea. The "entry" and "taking" in this case, even if distinct actions, both occurred at the plea hearing after the required Rule 11 colloquy. The second sentence of the controlling notice provision speaks of the court postponing "the

5

taking of the plea of guilty" merely because the taking is the court's part in the bilateral entry/taking event.

Additionally, we observe that the second sentence allows postponement of the taking of the plea but does not set a new deadline for the Government's filing in cases of such postponement. Indeed, the statute does not say that when the court postpones the taking of the plea, the Government must file its information before the taking of the plea. Instead, even in cases of postponement, the Government must file its information before the entry of a plea. That is possible only because postponing the taking of the plea also necessarily postpones the entry of that plea.

Based on this understanding of "entry" and "taking," Duffy's unilateral, non-negotiated "Notice of Entry of Plea of Guilty," does not constitute "entry of a plea of guilty" for purposes of § 851. Instead, both the "entry" and the "taking" of Duffy's plea occurred at the plea hearing after the required Rule 11 colloquy. The Government complied with the notice provision by filing its information before Duffy entered his plea at the plea hearing, and Duffy's March 13 statement purporting to plead guilty does not affect the timeliness of the Government's information.

As noted above, § 851 does provide defendants with an opportunity to challenge the Government's filing. A defendant may deny or challenge the

6

validity of a prior conviction and file a written response to the Government's information, at which point "the court shall hold a hearing."  21 U.S.C. § 851(c). However, the defendant's response and any appropriate hearing need not occur before the trial or guilty plea; instead, § 851(a) sets that deadline only for the Government's informing the defendant of the previous convictions.  For that reason, in United States v. Rice, 43 F.3d 601 (11th Cir. 1995), we held the Government's information was timely even though it was filed the day trial began, preventing the defendant from filing a response prior to trial.

Because the Government's information was timely filed before entry of Duffy's guilty plea, the resultant increased sentence is AFFIRMED.