[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16404
Non-Argument Calendar

_____

D. C. Docket No. 06-00314-CR-2-VEH-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DAVID RUIZ RAMIREZ,
a.k.a. David Salinas Ramirez,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 11, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

This case once again requires us to construe the notice requirement of 21 U.S.C. § 851(a)(1). Ramirez was indicted on three charges: knowingly possessing a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); possessing with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A); and knowingly possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). The methamphetamine charge carried a mandatory life sentence upon proof of two or more prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A). To trigger the enhancement, the government was required to file a notice listing the prior convictions it intended to rely upon. 21 U.S.C. § 851(a)(1).[1] The government filed this notice with the court and served a copy on Ramirez.

During the plea negotiations, the government discovered that the original indictment contained a minor error.[2] The government (with Ramirez's consent) corrected the error by filing a new information containing the same charges but located under a different case number. At the plea hearing, the court, the prosecution, and Ramirez all agreed that a guilty plea would expose him to a

---

[1] While section 851(a)(1) refers to this notice as an "information," we use the term "notice" to avoid confusion with a charging information filed later in the case.

[2] The methamphetamine charge alleged that Ramirez possessed "a mixture and substance containing a detectable amount of methamphetamine," when it should have simply said "methamphetamine."

mandatory life sentence.  Ramirez pled guilty, after which the government

dismissed the original indictment.

Prior to sentencing, the district court noticed that the government had not

filed a new section 851(a)(1) notice under the new case number before Ramirez

pled guilty.[3]  The district court concluded that this deprived it of jurisdiction to

impose the enhanced sentence.  Moreover, the supposed defect could not be cured

because the notice must be filed "before trial, or before entry of a plea of guilty."

21 U.S.C. § 851(a)(1).  As a result, instead of potentially receiving the 240-month

sentence the government recommended (a life sentence with a downward departure

for substantial assistance), Ramirez received 126 months of imprisonment.

The government now appeals the district court's decision.  We review the

adequacy of a section 851 notice <u>de novo</u>.  <u>See</u> <u>United States v. McLean</u>, 138 F.3d

1398, 1406 (11th Cir. 1998).  Section 851(a)(1) provides, in relevant part,

> No person who stands convicted of an offense under this part shall be
> sentenced to increased punishment by reason of one or more prior
> convictions, unless before trial, or before entry of a plea of guilty, the
> United States attorney files an information with the court (and serves
> a copy of such information on the person or counsel for the person)
> stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1).  This notice serves two purposes.  First, it "allow[s] the

---

[3] The government did file a new notice under that case number after Ramirez pled guilty. That notice was plainly ineffective.  <u>See</u> <u>Harris v. United States</u>, 149 F.3d 1304, 1307 (11th Cir. 1998).

defendant to contest the accuracy of the information." United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995). Second, it "allow[s] [the] defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." Id. We have held that the notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence. See United States v. Thompson, 473 F.3d 1137, 1144 (11th Cir. 2006); Harris, 149 F.3d at 1306.

The question in this case is whether the government complied with section 851(a)(1) when it filed the notice under the original case number. The government argues that the original notice, filed before Ramirez pled guilty, was effective. Ramirez argues that the government was required to file a second notice under the new case number before he pled guilty.

The text of the statute does not settle the question. It simply requires the government to file the notice with the court "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851(a)(1). The statute does not specify whether the original notice might be rendered ineffective by events occurring after the notice is filed but before the trial or guilty plea.

As a result, to determine whether a filed notice has become ineffective due

4

to intervening events, we have turned to the purposes behind section 851(a)(1).

One such case was United States v. Thompson, 473 F.3d 1137 (11th Cir. 2006). In

Thompson, the government filed a superseding indictment containing new charges

after it filed the section 851(a)(1) notice. The defendant argued that the

government was required to file a second notice after filing the superseding

indictment. Id. at 1144.

We rejected the argument and held that the original notice was effective. As

the statute required, the notice was filed "before trial, or before entry of a plea of

guilty." Id. at 1146. The notice also satisfied the statutory purposes. It informed

the defendant that the government was seeking the enhancement, and thus gave

him an opportunity to challenge the convictions or adjust his trial and pleading

strategy. Id. at 1146-47. The superseding indictment did not interfere in any way

with the purpose behind section 851(a)(1). Id.

This case differs from Thompson in only one respect. Rather than filing a

superseding information, the government filed a new information under a different

case number.[4] We do not believe that this procedural peculiarity should lead to a

different result. In the first place, as in Thompson, the notice satisfied the terms of

_____

[4] The fact that the government filed an information rather than an indictment (as in Thompson) is immaterial. See United States v. Timley, 443 F.3d 615, 626-27 (8th Cir. 2006) (so holding).

the statute because it was filed "before trial, or before entry of a plea of guilty." 21 U.S.C. § 851(a)(1).

The original notice also fulfilled the purpose of the statute. The notice clearly applied to the methamphetamine charge, even though it was located in the new information, because the information was obviously a continuation of the original criminal case. Ramirez knew that the information simply corrected a minor error in the indictment.[5] The information involved the same charges, the same defendant, the same court, and the same judge. Under these circumstances, Ramirez had no reason to doubt that the original notice applied to the new methamphetamine charge.[6] As that notice was filed long before Ramirez pled guilty, he had plenty of time to consider its effects. Cf. United States v. Duffy, 179 F.3d 1304, 1305 (11th Cir. 1999) (notice filed during plea hearing is sufficient). The original notice therefore gave him ample time and opportunity to "contest the accuracy of the information" and "determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." Williams, 59 F.3d at 1185.

As in Thompson, a second notice was unnecessary because it was not

---

[5] Ramirez knew this because he had to waive his right to grand jury indictment before the government could file the new information.

[6] Ramirez was not, in fact, misled. At the plea hearing, the prosecution, defense, and judge all agreed that a guilty plea would expose Ramirez to the mandatory life sentence.

required by the text of the statute and would not have furthered either statutory purpose. See Thompson, 473 F.3d at 1146-47. For these reasons, the original notice was effective, and the district court had jurisdiction to enhance Ramirez's sentence.[7] We reverse the ruling of the district court and remand the case for resentencing.

**REVERSED AND REMANDED.**

---

[7] We expressly do not hold that a notice involving the same charges filed under a different case number is always sufficient so long as it is filed with the court "before trial, or before entry of a plea of guilty." If, for example, the government filed a notice in a case dismissed long ago, and has not filed a notice in the ongoing case, the previous notice may fail to notify the defendant that the government is currently seeking the enhancement. Under the facts of the instant case, that problem was not present because Ramirez knew, and should have known, that the new information was merely a continuation of the original case.

Because we might not reach the same result under more exotic facts, the government would be well advised to file a duplicate section 851(a)(1) notice — a task we have described as "an easy thing for the government to do." United States v. Rutherford, 175 F.3d 899, 904 (11th Cir. 1999).