[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10217
Non-Argument Calendar

_____

D. C. Docket No. 05-00034-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROYLAND KICKLIGHTER,
a.k.a. Roy Kicklighter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 28, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Royland Kicklighter appeals his 180-month sentence for distribution of methamphetamine, pursuant to 21 U.S.C. § 841(a)(1). He argues that the district court erred in deeming him to be eligible for the career offender enhancement under U.S.S.G. § 4B1.1. He also asserts that the court erred by applying that enhancement even though the government did not file an information regarding its intent to rely on his prior drug conviction, as required by 21 U.S.C. § 851. After reviewing the record, we find no error and thus AFFIRM his sentence.

## I. BACKGROUND

In January 2006, Kicklighter pled guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Because the offense involved at least 50, but less than 150, grams of methamphetamine, Kicklighter's base offense level for the crime was 32. See U.S.S.G. § 2D1.1(c)(4) (Mar. 2006). After a three-level sentence reduction for acceptance of responsibility, his total offense level was 29. According to the Presentence Investigation Report ("PSI"), Kicklighter had three prior convictions — two for burglary of a residence and one for conspiracy to possess with intent to distribute marijuana — that were either crimes of violence or controlled substance offenses. As a result, Kicklighter qualified as a career offender, which changed his criminal history category from V to VI. See id. § 4B1.1(a), (b).

2

Kicklighter filed a written objection to the PSI in which he asserted that the burglary convictions were not violent crimes and cited a prior district court ruling to that effect. At the sentencing hearing, the probation officer who compiled the PSI reaffirmed the career offender determination and noted that the district court order in question addressed a sentencing enhancement for possession of a firearm rather than the question of whether burglaries were violent crimes. Kicklighter's counsel stated that, after reviewing the documentation, he agreed that the ruling addressed a different issue and that any concerns about the PSI had been resolved. Additionally, Kicklighter indicated that the reason he mentioned that ruling was because the earlier court had considered the firearm enhancement a crime of violence and he wanted to prove that he was not violent. He also stated that he knew of no other errors in the PSI. The district court then adopted the factual statements in the PSI as findings of fact.

The court noted that Kicklighter's total offense level of 29 and criminal history category of VI yielded a guidelines range of 151 to 188 months of imprisonment. The court ultimately sentenced Kicklighter to 180 months of imprisonment. Kicklighter's counsel did not object to this sentence or to the court's findings of fact or conclusions of law. Kicklighter appealed his sentence.

## II. DISCUSSION

On appeal, Kicklighter raises two issues with respect to his sentence. He asserts that the district court erred by finding his two prior burglary convictions to be crimes of violence under U.S.S.G. § 4B1.1. He maintains that the statute under which he was convicted, O.C.G.A. § 16-7-1, encompasses conduct which both would and would not be considered a crime of violence under § 4B1.1, and that the court considered improper evidence in finding that his conviction was for a crime of violence. He also argues that the district court erred by imposing a career offender enhancement because the government did not provide notice of the convictions it intended to use in seeking an enhanced sentence, as required under 21 U.S.C. § 851.

A. Career Offender Enhancement

We review de novo a district court's decision to classify a defendant as a career offender based on § 4B1.1. See United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir. 2006). However, if a defendant fails to raise an argument before the district court, we review it for plain error. See United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). "Under plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Section 4B1.1 deems a defendant to be a career offender if he was at least eighteen years old at the time he committed the offense for which he is being sentenced, that offense "is a felony that is either a crime of violence or a controlled substance offense," and he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The sentencing guidelines define a "crime of violence" as a state or federal offense punishable by imprisonment for more than a year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a).

To determine whether an offense would qualify as a crime of violence under § 4B1.1, "a district court may look outside of the 'offense of conviction' to the conduct surrounding that conviction if ambiguities in the judgment make the crime of violence determination impossible from the face of the judgment itself." United States v. Beckles, 565 F.3d 832, 842–43 (11th Cir. 2009) (quotation marks and citation omitted). District courts thus may make additional fact findings "when the crime for which the defendant was convicted encompasses both conduct that constitutes a crime of violence and conduct that does not constitute a crime of

5

violence." Id. at 843. The court can base these fact findings "on undisputed statements in the PSI." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam). We deem facts contained in a PSI to be undisputed and admitted if a party does not assert a specific and clear objection to them before the sentencing court. See id.; see also Beckles, 565 F.3d at 844. The failure to make such a challenge "to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence." Beckles, 565 F.3d at 844.

The Georgia statute under which Kicklighter was convicted of two burglaries, O.C.G.A. § 16-7-1, encompasses conduct that both would and would not constitute a crime of violence because it discusses burglaries that involve various locales, including dwellings. See O.C.G.A. § 16-7-1; see also Bennett, 472 F.3d at 832 (making a similar determination with respect to this statute). Because of this statutory ambiguity, the court was permitted to rely on the undisputed portions of Kicklighter's PSI to make factual findings about whether his convictions were for burglaries of a dwelling and thus would be crimes of violence.

Although Kicklighter objected before the district court to the PSI's characterization of his burglary convictions as crimes of violence, he did not argue

6

specifically that they did not involve a dwelling.  Because of this failure, we evaluate the court's determination for plain error.  See De La Garza, 516 F.3d at 1269.  The PSI stated that the burglaries involved dwellings and that Kicklighter qualified for the § 4B1.1 enhancement as a result.  Since Kicklighter failed to make a specific and clear objection to these statements, they were undisputed, and the district court was permitted to rely on them in finding that Kicklighter's burglaries constituted crimes of violence.  See Beckles, 565 F.3d at 844.  The court thus was warranted in finding that Kicklighter had at least two prior crimes of violence, as required for the § 4B1.1 enhancement.  Since it is undisputed that he met the other requirements for career offender status, the court did not plainly err in finding Kicklighter eligible for the § 4B1.1 enhancement.

B. Failure to File Information

Kicklighter argues that the government failed to provide notice that he was subject to an enhanced sentence based on his prior convictions under 21 U.S.C. § 851.  He maintains that, as a result, the district court erred by imposing a sentence based on the career offender enhancement.  Because he did not raise this argument before the district court, we evaluate it for plain error.  See De La Garza, 516 F.3d at 1269.

"We review the adequacy of a section 851 notice de novo." United States v. Ramierez, 501 F.3d 1237, 1239 (11th Cir. 2007) (per curiam). Section 851(a)(1) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). However, we have determined these notice requirements do not apply when the government seeks to use the prior convictions as the basis for a career offender enhancement, "so long as the enhanced sentence still falls within the permissible statutory range." Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991) (considering the issue in the context of a 28 U.S.C. § 2255 proceeding). Kicklighter acknowledges this precedent but asserts that the rationale for the § 851 requirements should apply even to career offender enhancements. However, our prior panel precedent rule forbids us from reaching such a conclusion since there has been no contrary opinion by the Supreme Court or by this court sitting en banc. See United States v. Campa, 529 F.3d 980, 1014 (11th Cir. 2008). Because Kicklighter's sentence fell below the statutory maximum term of imprisonment, which was twenty years, the government was not

required to provide § 851 notice. <u>See</u> 21 U.S.C. § 841(b)(1)(C). Accordingly, we conclude that the district court did not plainly err by enhancing his sentence as a career offender under § 4B1.1 in the absence of such notice.

## III. CONCLUSION

Kicklighter argues that the district court erred by applying a career offender enhancement based on improper evidence and in the absence of the requisite § 851 notice. Because he did not object to the factual basis upon which the district court found him eligible for that enhancement and since the § 851 notice requirements do not apply to career offender enhancements, the court did not plainly err in applying the enhancement. We therefore AFFIRM his sentence.

**AFFIRMED.**