[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13284
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00132-CR-J-34-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMIE LEE WILSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2010)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sammie Wilson, III appeals his sentence of 210 months of imprisonment for

conspiracy to distribute 500 grams or more of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Wilson challenges the information submitted by the government to enhance his sentence, his classification as a career offender, and the constitutionality and reasonableness of his sentence. The United States responds that Wilson's arguments are barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

Wilson was indicted for conspiracy to distribute 500 grams or more of cocaine, id. §§ 841(a)(1), (b)(1)(B), 846, and possession with the intent to distribute cocaine, id. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2. Three months later, the government moved to enhance Wilson's sentence. 21 U.S.C. § 851(a)(1). The government filed an information that "[o]n or about September 30, 2002, in the United States District Court, Middle District of Florida, Jacksonville Division, Case Number 3:02-cr-93-J-21TEM," Wilson "was convicted of possession with intent to distribute more than 500 grams of cocaine." The information stated that Wilson faced an enhanced penalty for his conspiracy charge of a "minimum mandatory term of imprisonment of ten (10) years and up to life imprisonment, $4 million in fines, or both, and a term of supervised release of at least 8 years."

Wilson entered an agreement with the government to plead guilty to conspiracy to distribute cocaine in exchange for the dismissal of the distribution

charge.  The plea agreement stated that "[p]ursuant to the Information . . . filed" by the government, Wilson faced a sentence between 10 years and life imprisonment. The plea agreement provided that Wilson waived his right to appeal his sentence, subject to three exceptions: the sentence exceeded the "applicable guidelines range as determined by the Court"; the sentence exceeded the maximum statutory penalty; or the sentence violated the Eighth Amendment.

At a change of plea hearing, a magistrate judge discussed with Wilson his right to appeal his sentence and the consequences of his decision to waive that right.  Wilson verified that he had agreed, subject to the three exceptions, to waive his right to appeal his sentence, and he later acknowledged a second time that his right to appeal was "controlled by [the] appeal of sentence waiver provision."  The magistrate judge twice discussed with Wilson the information filed by the government and the enhanced penalty Wilson faced, and Wilson verified three times during the plea colloquy that he understood the maximum penalty.  The magistrate judge recommended that the district court accept Wilson's plea of guilty, and the district court later adjudged Wilson guilty of conspiracy to distribute cocaine.

The presentence investigation report identified Wilson as a career offender based on his prior convictions for attempted manslaughter and possession with

3

intent to distribute cocaine and listed an adjusted offense level of 37. United States Sentencing Guideline § 4B1.1(b)(A) (Nov. 2008). After a three-point reduction for acceptance of responsibility, id. § 3E1.1, the report provided a total offense level of 34. With a criminal history of VI, the report provided a sentencing range between 262 and 327 months of imprisonment.

Wilson objected to his classification as a career offender, but the district court overruled the objection. The district court adopted the statements of fact and calculations in the presentence investigation report, and Wilson did not object. The court reduced Wilson's offense level by two points for his substantial assistance to the government, id. § 5K1.1, and the court sentenced Wilson to 210 months of imprisonment.

The government argues that the appeal waiver bars Wilson from challenging the information, but we decline to address that argument, which raises a thorny jurisdictional issue, because the information clearly satisfies the procedural and substantive requirements of section 851. When the government intends to request that the district court enhance a sentence, the government must file either "before trial, or before entry of a plea of guilty" an information "stating in writing the previous convictions to be relied upon." 28 U.S.C. § 851(a)(1). The purpose of the information filed under section 851 is to "'allow[] the defendant to contest the

4

accuracy of the information'" and "'to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.'" United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007) (quoting United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995)). The government filed its information three months after Wilson was indicted and more than a month before Wilson executed the plea agreement, and the information identified the date, case number, venue, and type of offense committed by Wilson. Wilson argues, for the first time on appeal, the notice was insufficient because the government "failed to identify the particular statutory subsection involved," but that detail is not required by the text or the purpose of the statute, and Wilson does not contend the omission confused him or affected his decision to plead guilty. The district court did not plainly err by treating the information as sufficient to provide Wilson notice that he faced a possible sentence of imprisonment for life.

Wilson argues that the district court improperly sentenced him as a career offender and his sentence is unreasonable, but these arguments are barred by the appeal waiver. The record establishes that Wilson knowingly and intelligently waived his right to appeal his sentence. See United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). We dismiss the portion of Wilson's appeal that

5

challenges the calculation and reasonableness of his sentence.

Wilson asserts for the first time on appeal that his sentence violates the Eighth Amendment, but he has abandoned that argument. Although Wilson refers to the Eighth Amendment in his statement of the issue, he fails to state how his sentence is constitutionally infirm. "[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009).

**AFFIRMED IN PART, DISMISSED IN PART**.