[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2010
JOHN LEY
CLERK

No. 09-13599
Non-Argument Calendar

_____

D. C. Docket No. 08-00161-CR-ORL-22-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN TERRELL BERNARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2010)

Before BIRCH, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Jonathan Terrell Bernard appeals his conviction and 240-month sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii).

I.

After a narcotics dog gave a positive alert to two parcels, they were delivered to a residence, one by the postal service and the other by a co-defendant. Law enforcement agents then observed Bernard arrive at the residence, carrying only a cell phone. He was seen leaving a few minutes later carrying a heavy black bag, which he placed in the driver's side rear seat area of his car. The agents followed Bernard and stopped him at a red light. He was removed from his car, handcuffed, and placed in the back of a DEA car. His car was then moved to an adjacent parking lot where the same narcotics dog sniffed the exterior of the vehicle and alerted to the presence of drugs near the driver's side rear door. After that alert, the agents searched the car and found 8 kilograms of cocaine in the black bag, which was in the rear seat area.

Before his jury trial, the court denied Bernard's motion to suppress the seized cocaine, which he contends was error. Bernard concedes that the agents had reasonable suspicion to conduct an investigatory stop but argues that he was illegally arrested, and for that reason the search of his car cannot be justified as

2

incident to his arrest. Motions to suppress present questions of law and fact. We review a district court's factual findings only for clear error, and its application of the law to those facts de novo. United States v. Ponce-Aldona, 579 F.3d 1218, 1221 (11th Cir. 2009). And "we may affirm the denial of a motion to suppress on any ground supported by the record." United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

As Bernard concedes, the initial investigatory stop was valid. Law enforcement agents observed Bernard carry a black bag capable of concealing narcotics from a location where parcels reasonably believed to contain narcotics had been delivered a short time earlier. As a result, the agents had at least "a reasonable, articulable suspicion based on objective facts" that Bernard was engaged in criminal activity. United States v. Nunez, 455 F.3d 1223, 1226 (11th Cir. 2006); see id. (concluding that investigatory stops were supported by reasonable suspicion where defendants were observed carrying containers from a suspected marijuana grow house to their vehicles). After the initial stop of the vehicle, the narcotics dog's alert to the presence of drugs near the driver's side rear door, the same area of the car that the agents had seen Bernard place the bag, provided probable cause to search it. See United States v. Tamari, 454 F.3d 1259, 1265 (11th Cir. 2006) ("We have long recognized that 'probable cause arises when

3

a drug-trained canine alerts to drugs.' "). Because the search of Bernard's car was justified under the automobile exception to the warrant requirement, id. at 1264–65, we do not need to decide whether the search would also be justified as a search incident to arrest. The district court did not err in denying Bernard's motion to suppress the seized cocaine.

## II.

Bernard also contends that the district court lacked jurisdiction to enhance his sentence based on his earlier felony drug conviction. He argues that the government's 21 U.S.C. § 851 notice of enhancement was defective because it did not cite 21 U.S.C. § 841(b)(1)(A) or state that he was subject to a mandatory minimum sentence of 20 years imprisonment. "We review the adequacy of a section 851 notice de novo." United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007). Section 851(a)(1) provides, in relevant part, that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). "We have held that the notice requirement is jurisdictional: unless the government strictly complies, the district court lacks jurisdiction to impose the enhanced sentence." Ramirez, 501 F.3d at 1239. See also United

4

States v. Thompson, 473 F.3d 1137, 1144 (11th Cir. 2006) ("The requirements of §

851 are not precatory; they must be followed in order for the § 841 enhancements

to be applied.").

On its face, § 851(a)(1) requires the government to file and serve on the

defendant an information "stating in writing the previous convictions to be relied

upon," 21 U.S.C. § 851(a)(1), but there is no requirement in the statute that the

information include the statutory basis of the proposed enhancement or its length,

see id. The lack of an affirmative obligation on the government to provide that

information in the notice is not inconsistent with § 851(a)(1)'s purposes. The

purposes of the provision are to "allow the defendant to contest the accuracy of the

information" and to "allow [the] defendant to have ample time to determine

whether to enter a plea or go to trial and plan his trial strategy with full knowledge

of the consequences of a potential guilty verdict." Ramirez, 501 F.3d at 1239

(some alterations omitted). As to the first purpose of the § 851(a)(1) requirement,

the failure to identify the statutory basis of a proposed enhancement or its length

does not interfere with a defendant's ability to challenge the validity of the prior

convictions listed in the information. As to § 851(a)(1)'s second purpose, "a

description of the prior felony drug offense [in the information] . . . enable[s]

competent defense counsel to research applicable penalties and determine his or

5

her client's maximum exposure" when "[c]oupled with the statement of charges in the indictment." United States v. Morales, 560 F.3d 112, 116 (2d Cir. 2009) (first and second alteration added). Accordingly, we conclude that the information filed and served on Bernard was sufficient to satisfy the actual requirements of § 851(a)(1), and the district court did not err by enhancing his sentence under § 841(b)(1)(A).

**AFFIRMED.**