[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2011
JOHN LEY
CLERK

No. 09-16331
Non-Argument Calendar

_____

D. C. Docket No. 05-00042-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 2, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lee Perry appeals from his conviction for conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and (iii).  On appeal, Perry argues that the district court lacked jurisdiction to apply an enhancement according to 21 U.S.C. § 851 because the government's § 851 notice lacked specificity.  He also argues that the government failed to prove that he had been convicted of two prior drug-related felonies for the purposes of the § 851 enhancement.

I.

We review the adequacy of an enhancement notice on the basis of  21 U.S.C. § 851 de novo.  United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007) (per curiam).  The notice requirement of § 851 is jurisdictional.  United States v. Jackson, 544 F.3d 1176, 1184-85 (11th Cir. 2008) (per curiam). Although Perry did not raise a clear objection to the § 851 notice at his first sentencing hearing, the jurisdictional nature of the requirement allows Perry to raise the issue at any time.  See United States v. Giraldo-Prado, 150 F.3d 1328, 1339 (11th Cir. 1998) (noting that "a party may raise jurisdiction at any time during the pendency of the proceedings") (per curiam).

We require strict compliance with the procedural and substantive requirements of § 851 notices. United States v. Rutherford, 175 F.3d 899, 904 (11th Cir. 1999). Section 851(a)(1) requires that the government file an information that states the previous convictions that will be relied upon in writing. 21 U.S.C. § 851(a)(1). A notice that contains minor errors still complies with § 851 as long as the notice, despite the errors, unambiguously signals the government's intent. See Perez v. United States, 249 F.3d 1261, 1266-67 (11th Cir. 2001).

The § 851 notice in this case was legally sufficient because it notified Perry that the government intended to seek enhanced penalties under 21 U.S.C. §§ 841 and 846. The notice clearly established that the enhancement was based on four listed prior felony drug convictions and would result in life imprisonment. For each of those four convictions, the § 851 notice provided the date of conviction, a brief description of the offense, and the case number. Perry notes that the date of one of the convictions was misstated in the PSI in one section. However, the date was correct in the notice and in a separate section of the PSI. Furthermore, the enhancement only required the support of two of the four predicate offenses. See 21 U.S.C. § 841(b)(1)(A). The mistake in the PSI did not prevent the government

3

from unambiguously signaling its intent. Accordingly, the § 851 notice was adequate.

## II.

When a defendant fails to object to a sentencing issue in the district court, we review for plain error. United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009), cert. denied, 130 S.Ct. 2361 (2010) (citation omitted). To establish plain error, Perry "must show that there is (1) error (2) that is plain and (3) that affect[s] substantial rights." United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003) (per curiam) (alteration in original) (quotations omitted). "For an error to affect substantial rights, in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008) (quotation omitted). The defendant bears the burden of establishing prejudice. Id.

Perry has not argued that he was prejudiced by the government's alleged failure to prove his prior convictions. See De La Garza, 516 F.3d at 1269. Therefore, Perry has not established that the district court plainly erred in finding that he had previously been convicted of two felony drug offenses and, consequently, that he was eligible for an enhanced sentence. Moreover, Perry

4

failed to object to the convictions set out in the § 851 notice and in the PSI. Indeed, Perry conceded that he was facing a mandatory life sentence.

Upon review of the record and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**