[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11744
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00356-JSM-EAJ-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALARIAN JAYMONN BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 19, 2013)

Before DUBINA, Chief Judge, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Valarian Brown appeals his convictions and sentences.  A jury convicted Brown of conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846; conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 18 U.S.C. § 2.  Before trial, the government filed a 21 U.S.C. § 851 notice of enhanced sentence, asserting that Brown had prior Washington state convictions for possession of a controlled substance with intent to distribute and possession of a controlled substance without a prescription.

## I.

The evidence at trial showed that Brown, a Florida resident, participated in an extensive and ongoing conspiracy aimed at purchasing and transporting large quantities of cocaine and marijuana from Texas to Florida, where Brown and his co-conspirators would further distribute the drugs.  The evidence showed that Brown engaged in conduct related to the conspiracy between 2003 and 2007 and from 2010 until his 2011 arrest.  Although some of the participants entered and left the conspiracy at various times, other participants, including Brown, two of his codefendants, and two of his Texas drug suppliers, were involved throughout the entire duration of the relevant conduct.  Brown requested a jury instruction on

2

multiple conspiracies, asserting that the evidence showed there was a conspiracy that occurred in 2005, and another conspiracy in 2011. The district court, concluding that there was not an adequate evidentiary predicate, did not give the multiple-conspiracies instruction.

At sentencing, Brown objected to the § 851 notice on the grounds that the notice misidentified the nature of his prior offenses, both of which actually were convictions for simple possession of cocaine. The court overruled his objection, concluding that the notice was sufficient and the purpose of providing notice under § 851 was satisfied because Brown had demonstrated that he was able to identify, without confusion, the prior convictions upon which the government was relying. Based on the § 851 notice, Brown's sentence was enhanced pursuant to § 841(b)(1)(A). The court imposed a mandatory life term of imprisonment on Count 1, 30 years on Count 2, and 364 months on Count 3.

On appeal, Brown argues that the district court (1) erred in denying his request that the jury be instructed on multiple conspiracies because he was charged in two separate counts for the cocaine and marijuana conspiracies and because the evidence showed that some of the relevant conduct involved one of his co-defendants but not Brown; and (2) incorrectly determined that the government's information complied with the notice requirements of § 851, a necessary predicate

to imposition of an enhanced sentence under § 841, when it misidentified the nature of his prior offenses.

## II.

We review the legal correctness of a jury instruction *de novo*. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). As to a district court's rejection of a requested jury instruction, however, we review a properly preserved claim for an abuse of discretion. *United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008). A claim is properly preserved for appellate review when the party objects before the jury retires, "stating distinctly the specific grounds for the objection." *United States v. Starke*, 62 F.3d 1374, 1380-81 (11th Cir. 1995). If a specific objection was not made at trial, "we will only review for plain error." *Id*. at 1381. Furthermore, even if a defendant objects to a jury instruction at trial, if "the argument he advanced at trial is not the argument he advances on appeal," we review the argument raised on appeal for plain error. *Id*. at 1380-81. When reviewing for plain error, we may reverse only if: (1) there is an error; (2) which is plain; (3) that seriously affects the substantial rights of the defendant; and (4) failure to correct the error would seriously affect the fairness of the judicial proceeding. *Moore*, 525 F.3d at 1048.

Although the district court has "broad discretion" in formulating its instructions, "a defendant is entitled to have presented instructions relating to a

4

theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008) (internal quotation marks omitted). In reviewing "whether there is a proper evidentiary foundation for the instruction, the evidence must be viewed in the light most favorable to the accused." *Id*.

Because the record demonstrates that Brown did not raise before the district court the specific arguments he now raises on appeal, we review the jury instruction request for plain error. We conclude that the district court did not plainly err by declining to give an instruction on multiple conspiracies because there was not adequate evidence to support Brown's requested instruction. Even if the court had committed plain error, it was not prejudicial to Brown because, in light of the considerable evidence at trial showing Brown's long-standing involvement in the conspiracy as charged in the indictment, he cannot show that the outcome of his case would have been different had the jury received the requested instruction.

## III.

We review *de novo* questions regarding the adequacy of a § 851 notice. *United States v. Ramirez*, 501 F.3d 1237, 1239 (11th Cir. 2007). Section 851(a) provides in part:

5

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon. . . .  Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).  When a person commits a violation pursuant to § 841(b)(1)(A) after two or more prior convictions for a felony drug offense have become final, such person shall be subject to a mandatory term of life imprisonment.  21 U.S.C. § 841(b)(1)(A).

Harmless error does not apply to § 851(a) notice disputes.  *United States v. James*, 642 F.3d 1333, 1339 (11th Cir.) *cert. denied*, 132 S. Ct. 438 (2011).  However, the text of § 851 only requires the government to file a notice prior to trial, and it does not specify how to satisfy the notice requirement.  *See* 21 U.S.C. § 851(a)(1).  To answer this question, we consider the purpose behind the notice requirement.  *Ramirez*, 501 F.3d at 1239-40.  The purposes of the § 851 notice are to allow a defendant to (1) "contest the accuracy of the information," and (2) "have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict."  *Id.* at 1239 (internal quotation marks omitted).

We have found that a notice of enhancement containing minor errors was compliant with § 851 because the notice, despite the errors, unambiguously

6

signaled the government's intent.  *See Perez v. United States*, 249 F.3d 1261, 1266-67 (11th Cir. 2001) (affirming an enhanced sentence despite the fact that the § 851 notice contained an incorrect last digit in the year of a prior conviction because the conviction upon which the government relied was clear nonetheless, and the defendant did not allege any confusion as to which conviction the government referenced).  In *Perez*, we differentiated between § 851's "filing and service" requirements, which require strict compliance, and the required contents of the notice, which we construe more liberally.  *Id*. at 1265-67.  However, when an enhancement notice failed to include the convictions upon which the enhancement was based, we ruled that the government did not meet its burden of strict compliance, despite the government's argument that it subsequently notified the defendant in other types of court filings of specific prior convictions it intended to introduce at trial.  *United States v. Rutherford*, 175 F.3d 899, 904 (11th Cir. 1999).  In vacating the sentence, we further stated that, "[n]othing was filed to show which prior convictions, if any, the government intended to rely upon for enhancement purposes.  This was the purpose of the notification statute."  *Id*.

We conclude from the record that the district court properly found that the government's § 851 notice was sufficient because it served the purposes behind the notice requirement.  Although Brown's prior offenses were misidentified, the notice provided sufficient accurate details to enable him to research, identify, and

7

potentially contest the accuracy of the information.  The notice unambiguously signaled the government's intent to seek a mandatory imprisonment term of life under § 841(b)(1)(A) based on his prior convictions, and thus allowed him to plan his defense strategy with this in mind.  Because the notice was adequate, the district court was authorized to impose the enhanced sentence.

For the aforementioned reasons, we affirm Brown's convictions and sentences.

**AFFIRMED.**[1]

---

[1] We DENY Brown's motion to withdraw initial appellate brief and for appointment of new counsel.