[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10343
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00356-JSM-EAJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALARIAN JAYMONN BROWN,
a.k.a. Jay,
a.k.a. Cuz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Valarian Brown, proceeding pro se, appeals the district court's denial of his motion for a new trial.  See Fed. R. Crim. P. 33.  He contends that he is entitled to a new trial because the government suppressed evidence in violation of his due process rights under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

## I.

Brown went to trial in December 2011 on three charges:  (1) conspiracy with intent to distribute five kilograms or more of cocaine, (2) conspiracy to possess with intent to distribute a detectable amount of marijuana, and (3) possession with intent to distribute 500 grams or more of cocaine.[1]  Brown had been part of a long running conspiracy that, for nearly a decade, moved large quantities of cocaine and marijuana from Texas into Florida.  His personal involvement in the conspiracy lasted from 2003 to 2007 and from 2010 until his arrest in 2011.  And a Drug Enforcement Administration (DEA) task force had begun investigating him in 2005.  As might be expected in a trial following a long investigation, the government's case was rather lengthy.  It included testimony from four co-conspirators and two codefendants describing the role Brown played in orchestrating the shipment of drugs from Texas to Florida, as well as testimony from several federal and state agents describing interceptions of the conspirators'

---

[1] Count One was brought under 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(ii) and 846.  Count Two was brought under 21 U.S.C. §§ 84l(a)(l), (b)(l)(C) and 846.  And Count Three was brought under 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) and 18 U.S.C. § 2.

2

drug shipments and the arrest of Brown after a controlled delivery. After a five day trial, the jury found Brown guilty on all three counts.

At the sentence hearing, Brown's attorney raised an issue that the Assistant United States Attorney (AUSA) who tried the case had brought to his attention: The Pinellas County Sheriff's Office (PCSO) had recently concluded an internal investigation of its narcotics unit that implicated several of the officers who worked on the investigation of Brown. Counsel specifically mentioned Detective Jeffrey McConaughey, a DEA Task Force Agent. The internal investigation had revealed that McConaughey documented a $200 payment to a confidential informant that he never actually made, and he resigned from the PCSO shortly after the investigation concluded. McConaughey had served as the case agent during the 2011 portion of the investigation of Brown and his co-conspirators. McConaughey was in the courtroom during Brown's trial, but he did not testify.

The AUSA explained that she had learned of the existence of the PCSO's investigation shortly before Brown's trial was to begin. At that point the investigation was still in progress, which meant that she could not learn what McConaughey was under investigation for because the PCSO, citing state law, had refused to disclose any details. She consulted with her office's ethics department

3

and decided not to call McConaughey as a witness.[2]  The district court decided that the internal investigation information was irrelevant to the sentence hearing because Brown had already been found guilty and had not brought a motion for a new trial.  The court sentenced Brown to life in prison.

Brown appealed but did not raise any issue about the internal investigation. We affirmed his convictions and his sentence.  See United States v. Brown, 513 F. App'x 830, 833 (11th Cir. 2013) (unpublished).  Several months after our decision issued, Brown filed a pro se motion in the district court seeking a new trial.  See Fed. R. Crim. P. 33.  He argued that his due process rights had been violated by the government's failure to disclose the investigation of McConaughey and three other officers.  Those three officers were Deputies Jason Bahret and Michael Papamichael of the PCSO, and Detective Bernard Berry of the Tampa Police Department.[3]  Deputy Bahret testified at Brown's trial.  Deputy Papamichael and Detective Berry did not.  The district court denied Brown's motion without holding an evidentiary hearing.  This is his appeal.

---

[2] Instead, the government had DEA Task Force Agent Levi Cobarras serve as the case agent and testify at trial.  Agent Cobarras had led the 2005 portion of the investigation of Brown and his co-conspirators.

[3] In arguing his motion to the district court, Brown referred to the last deputy as "Brian Berry."  As the government pointed out, there was no one on its witness list with that name.  It assumed that Brown was referring to Bernard Berry, a member of the Tampa Police Department who was on the government's witness list but did not testify at trial.  We will assume the same. Doing so makes no difference to our analysis because Brown failed to present any evidence that anyone named "Brian Berry" or "Bernard Berry" had been under investigation by the PCSO before or during Brown's trial.

## II.

We review the district court's denial of a motion for a new trial only for an abuse of discretion.  United States v. Hernandez, 433 F.3d 1328, 1332 (11th Cir. 2005).  To succeed on a motion for a new trial based on a Brady violation, a defendant must show four things:  (1) the government possessed evidence that was favorable to him; (2) he did not possess that evidence and could not obtain it with reasonable diligence at the time of trial; (3) the government suppressed that evidence; and (4) if that evidence had been disclosed to him, there is a reasonable probability that his trial's outcome would have been different.  United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002).  To meet the first element, a defendant must show that the prosecutor or someone over whom she had authority possessed the evidence before or during the defendant's trial.  See United States v. Naranjo, 634 F.3d 1198, 1212 (11th Cir. 2011).  Mere speculation that the evidence was in the government's possession is not enough.  See id.

We begin with the one officer who was not a member of the PCSO, Detective Berry.  The district court found that Brown had failed to present any evidence that Detective Berry was ever under investigation.  Instead, he is a member of the Tampa Police Department and thus would not be a target of an internal investigation by the PCSO.  The district court therefore did not abuse its

discretion in concluding that Brown had not established a viable Brady claim based on information regarding an investigation of Detective Berry.

As for Brown's Brady claims based on the two PCSO deputies, they both suffer from the same flaw. After Brown asserted in his motion for a new trial that the government had suppressed material evidence regarding the PCSO's investigations of Deputies Papamichael and Bahret, the United States reached out to the PCSO for information about those investigations. The PCSO informed the United States that the investigations of those two deputies did not begin until after Brown's trial had concluded, and the United States relayed that information to the district court. The government neither possesses nor suppresses information under Brady unless the information is available to the government at some time before the conclusion of the trial. See United States v. Hansen, 262 F.3d 1217, 1234–35 (11th Cir. 2001); United States v. Elmore, 423 F.2d 775, 779 (4th Cir. 1970) (explaining that Brady applies where "the government did not disclose exculpatory information in its possession either before or during trial"). Brown offered no evidence that the investigation of Deputy Papamichael or the investigation of Deputy Bahret began before his trial had concluded. The district court determined that Brown's failure to provide such evidence meant that he could not meet the possession or suppression elements of Brady for his claims based on the deputies. That was not an abuse of discretion.

6

Finally, we address Brown's claim based on the investigation of McConaughey, who was under investigation at the time of trial but did not testify. The district court determined that Brown had not satisfied the fourth Brady element because he had not established a reasonable probability that his trial would have had a different outcome if he had been informed about the investigation of McConaughey. The court found that: (1) the PCSO investigation had no impeachment value because McConaughey did not testify at trial; (2) the PCSO investigation did not cast any doubt on the "ample evidence" of Brown's guilt, including the testimony from his co-conspirators and codefendants;[4] and (3) there was no support for Brown's assertion that none of his codefendants would have agreed to testify if the PCSO investigation had come to light. See Wright v. Hopper, 169 F.3d 695, 702 (11th Cir. 1999) (holding that testimony is not "material" under Brady if it does not exculpate the defendant or impeach the witnesses who testified against him at trial). It was not an abuse of discretion to

---

[4] In his brief to this Court, Brown attached an affidavit from one of his codefendants, Bilal Francis, attesting that McConaughey had used the promise of a sentence reduction to persuade Francis to lie when he testified against Brown at trial. That affidavit was not filed in the district court and is not part of the record on appeal, so we will not consider it. See United States v. Cross, 928 F.2d 1030, 1053 (11th Cir. 1991) ("This court cannot consider a claim that rests on factual allegations outside the record which the district court has never considered.").

7

deny Brown's <u>Brady</u> claim that was based on information about the investigation of McConaughey.[5]

**AFFIRMED.**

---

[5] Brown also contends that the district court should have held an evidentiary hearing. He did not file a motion with the district court seeking a hearing, so we review only for plain error. <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005). Brown offers nothing to show that such a hearing would have changed the outcome of his motion, so this contention fails. <u>See</u> <u>United States v. Massey</u>, 89 F.3d 1433, 1443 (11th Cir. 1996).